IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 27 1996

JAMES W. McCORMACK, CLERK
By: Jean Turman
DEP CLERK

JESSICA SPURLOCK, A Minor,   *
by Next Friend and Legal   *
Guardian, LISA LOCKAMY   *
  *
        Plaintiff,   *
  *
vs.   *   No. J-C-92-226
  *
J. LARRY LAWSON, ET AL.   *
  *
        Defendants.   *

## MEMORANDUM OPINION AND ORDER

On plaintiff's motion, the Court on February 9, 1995, granted a new trial in this case. The case was retried on November 9, 13-17 and 20-21, 1995, and the jury returned a verdict in favor of the defendant and against the plaintiff. Now before the Court are plaintiff's motions for sanctions, for a new trial, and for permission to contact jurors. Defendant has responded to the motions and plaintiff has filed replies to the responses. For the reasons stated below, the Court grants in part the motion for sanctions, denies the motion for a new trial, and grants plaintiff permission to contact the jurors.

### Motion for Sanctions

The Court earlier granted plaintiff a new trial on the grounds that there were undisclosed changes in the testimony of two of the defendant's expert witnesses, Drs. Sharp and Quirk. The Court also suggested it might be appropriate for plaintiff's

counsel to file a motion pursuant to Fed.R.Civ.P. 37 to recover the expenses of new depositions of Drs. Sharp and Quirk. *See* Mem. Op.and Order, docket entry # 97. Plaintiff took new depositions of Drs. Quirk and Sharp on June 20, 1995, and September 7, 1995, respectively.

Plaintiff now moves the Court pursuant to Fed.R.Civ.P. 26 and 37 and the Court's February 1995 Memorandum Opinion and Order to impose sanctions against the defendant for all of the plaintiff's expenses incurred with respect to the second trial. In support of her motion, plaintiff submits an affidavit setting forth expenses incurred in taking the depositions of Drs. Quirk and Sharp as well as the expenses of plaintiff's expert witnesses for the second trial. *See* docket entry # 151. In response, defendant asserts Rules 26 and 37 cannot serve as grounds for the award of expenses incurred in bringing this case to a second trial, the motion is untimely, imposition of sanctions would be unjust in connection with Drs. Sharp and Quirk because defendant's conduct was in good faith and substantially justified, the amounts claimed by plaintiff are unreasonable, and the Court's Memorandum Opinion and Order granting plaintiff a new trial was in error.

In granting the motion for a new trial, the Court found that the defendant abused the discovery process by failing to disclose changes in the testimony of his expert witnesses. The Court found "that the failure of defense expert, Dr. Quirk, to supplement his deposition after he changed his opinion was unfair

and contrary to the rules of civil procedure, as well as contrary to Dr. Quirk's own commitment to notify the Plaintiff should he change his opinion." Mem. Op.and Order, p. 5. The Court further found that the trial testimony of Dr. Sharp presented the element of surprise, and the plaintiff had a right to know what Dr. Sharp's testimony would be in order to prepare for trial. Mem. Op. & Order, p. 6.

Rule 37 provides for the imposition of sanctions upon a party who fails to comply with a discovery order, Fed.R.Civ.P. 37(b)(2), or who fails to supplement interrogatory responses under Rule 26. Fed.R.Civ.P. 37(c). Defendant argues there must be a valid court order in place before sanctions may be imposed under Rule 37(b)(2), and that Rule 37(c) sanctions other than exclusion of the witness' testimony are to be imposed only "upon motion and after affording an opportunity to be heard." In support of his argument, defendant cites *Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357 (2nd Cir. 1991), where the court held that non-compliance with a subpoena could not justify imposition of sanctions under Rule 37(b)(2). The court held that a subpoena obtained from the Clerk of the Court is "`not of the same order as one issued by a judicial officer in the resolution of a specific dispute.'" *Id.* at 1364.

Neither party has cited and the Court has been unable to locate precedent regarding a situation such as is present here. However, the issue of discovery abuse was argued in the context of the motion for a new trial, and the Court found abuse had

3

occurred and that abuse resulted in a miscarriage of justice. Now, on the basis of the Court's Order granting a new trial, plaintiff seeks sanctions. The Court finds that its Order granting a new trial is a valid court order on which to base a motion for sanctions. Furthermore, the Court's invitation to plaintiff to seek sanctions was issued only after both parties had been heard on the matter.

The defendant also argues the motion for sanctions is untimely because plaintiff waited until after the jury's verdict against her to file the motion. Again, the cases defendant cites in support of his argument are distinguishable from the situation here, where the Court found prior to the second trial that discovery abuses had occurred in connection with the first. This is not a situation where plaintiff made no complaint about discovery and no mention of sanctions until after the conclusion of the trial. Both parties went into the preparation for the second trial with the Court's finding that discovery abuses had occurred.

The Court declines to reargue the issues related to the misleading depositions of Drs. Sharp and Quirk and stands by the prior ruling that their depositions were different than their trial testimony. The Court does find, however, that plaintiff has failed to demonstrate the extent to which the depositions of her experts were related to the "shaken baby" syndrome; thus, the Court declines to award plaintiff costs for their depositions. Also, the Court finds persuasive defendant's argument that he had

no notice that the Court would consider awarding plaintiff expenses associated with witnesses other than Sharp and Quirk.

The Court, therefore, finds that plaintiff's motion for sanctions should be granted to the extent that defendant is directed to pay plaintiff for all expenses associated with the taking of the depositions of Drs. Quirk and Sharp as set forth in the supplement to her motion for sanctions.

## Motion for New Trial

The plaintiff has moved the Court for a new trial on the following grounds: the verdict was against the weight of the evidence; the Court erred in not limiting the testimony of Dr. Greg Sharp; the Court erred in limiting the testimony of Dr. Naslund and commenting on his qualifications in the presence of the jury; the Court erred in not allowing the plaintiff to introduce the testimony of Dr. Sydney Barnwell in rebuttal; the opinions of Drs. Sharp and Quirk were again changed in violation of the Court's directive; the Court erred in granting defendant's motion in limine limiting the opinions of Dr. Naeye; the Court erred in allowing Dr. Mandel to be cross-examined on medical literature that was not recognized as authoritative by any expert witness; and the Court erred in commenting on the continuous objections raised by the defendant during plaintiff's closing argument. Upon review of the motion, response, reply, and briefs, the Court denies the motion for new trial.

"When reviewing a jury verdict to decide whether it is against the weight of the evidence, the district court conducts

5

its own review of the evidence to determine whether a miscarriage of justice has occurred." *Peterson v. General Motors Corp.,* 904 F.2d 436, 439 (8th Cir. 1990). "The district court, while possessing discretion to set aside a jury verdict and grant a new trial, may not do so merely because it believes that the evidence permitted different inferences or that another result would be more reasonable. Rather, the court must conclude that the jury reached a seriously erroneous result and must state it reasons for this belief." *Blake v. J.C. Penney Co.,* 894 F.2d 274, 281 (8th Cir. 1990)(citations omitted).

Plaintiff argues that the overwhelming weight of the credible evidence is that the premature birth was caused by an intra abdominal infection. She asserts the jury apparently was unable to comprehend the medical issues in the case, and that the defendant's contentions as to what caused the premature birth are not credible or believable.

The Court cannot find that the verdict is against the clear weight of the evidence or that substantial justice has not been done.

Plaintiff asserts the Court erred in denying her motion to limit the testimony of one of defendant's experts, Dr. Sharp on the basis that those opinions are totally speculative and unreliable. "Decisions concerning the admission of expert testimony lie `within the discretion of the trial court and will not be reversed absent an abuse of discretion.'" *Westcott v. Crinklaw,* 68 F.3d 1073, 1075 (8th Cir. 1995). The Court

6

considered this issue prior to trial and, upon review of the pleadings, finds that Dr. Sharp's testimony was proper and admissible.

Plaintiff's assertion that she is entitled to a new trial on the grounds that the Court erred in limiting the testimony of her expert, Dr. Thomas Naslund, and commenting on his qualifications in the presence of the jury is unpersuasive. The Court permitted Dr. Naslund to testify fully and offer expert opinions on all issues other than the basic negligence issues which had already been addressed by other witnesses called by the plaintiff.

Plaintiff urges the Court erred in not allowing her to introduce the testimony of Dr. Sydney Barnwell in rebuttal. Defendant responds that Barnwell's testimony was not offered in rebuttal and that the Court did allow Dr. Naslund to state that generally Dr. Barnwell was in agreement with his own conclusions. A district court's ruling on the admission of evidence is review under an abuse of discretion standard. "Even with a clear showing of abuse, the error must have affected the substantial rights of the parties to warrant reversal of the district court." *Hogan v. American Tel. & Tel. Co.*, 812 F.2d 409, 411 (8th Cir. 1987) (per curiam). The Court finds that plaintiff was not prejudiced by its ruling concerning Dr. Barnwell.

The Court granted a new trial due to changes in the testimony of Drs. Quirk and Sharp. Plaintiff again argues that these two experts significantly changed their opinions at the second trial. The Court disagrees and finds plaintiff is not

entitled to a new trial on this basis. Further, the Court ruled on the issue of limiting the opinions of Dr. Richard Naeye before trial and finds no reason to reconsider that decision now.

Lastly, the Court denies plaintiff's motion for a new trial on the grounds that it was error to allow Dr. Mandel to be cross-examined on certain medical literature that plaintiff claims is not authoritative and for sustaining and commenting on defendant's objections during plaintiff's closing argument. The Court finds it was proper to use the disputed articles to cross examine Dr. Mandel and that the Court instructed the jury that they are the sole judges of the witnesses' credibility.

The Court, therefore, denies plaintiff's motion for a new trial.

### Motion for Permission to Contact Jurors

Plaintiff also seeks the Court's permission to contact jurors. The defendant objects. According to the Local Rules of the Court, no juror shall be contacted without express permission of the Court and under such conditions as the Court may prescribe. The Court finds the motion should be granted. The jury clerk has been in touch with the jurors in this case and only one juror responded that she would be willing to speak with the attorneys. Should the parties still wish to contact this juror, they may arrange this through the District Court Jury Clerk.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion for sanctions (docket entry 148) is granted in part; plaintiff's motion for new trial (docket entry # 149) is denied; and plaintiff's motion for permission to contact jurors (docket entry # 160) is granted.

SO ORDERED this 26th day of March 1996.

                                                  /s/ Susan Webber Wright
                                        UNITED STATES DISTRICT JUDGE

This document entered on docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  3/27/96  by  jt